```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WELLS FARGO BANK, N.A., | 1:19-cv-77-NLH-KMW |
| Plaintiff, | **OPINION** |
| v. | |
| COMMENTS SOLUTIONS, LLC and FIRST LEGACY COMMUNITY CREDIT UNION, | |
| Defendants. | |

**APPEARANCES:**

ADAM BUSLER
FOX ROTHSCHILD LLP
1301 ATLANTIC AVENUE
SUITE 400
ATLANTIC CITY, NJ 08401

    *Attorneys for Plaintiff.*

DENISE E. CARLON
KML LAW GROUP, PC
216 HADDON AVENUE
SUITE 406
WESTMONT, NJ 08108

    *Attorneys for Defendant First Legacy Community Credit Union.*

**HILLMAN, District Judge**

    This action is one for interpleader relief and comes before the Court on Plaintiff's motion for interpleader deposit pursuant to 28 U.S.C. § 1335. For the reasons discussed below, contingent upon satisfaction of a condition-precedent,

Plaintiff's motion will be granted in part; denied in part, without prejudice; and denied in part.

## BACKGROUND

Defendant Comments Solutions LLC ("CS") is a business entity maintaining a bank account with Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo"). (ECF No. 1 ("Comp.") at ¶7). On June 11, 2018, CS received a wire transfer to its Wells Fargo account from Defendant First Legacy Bank ("First Legacy") in the amount of $134,025.30. (Comp. at ¶9). After the wire was sent, First Legacy contacted Wells Fargo to request the wire be recalled due to potential fraud, and Wells Fargo restrained the remaining proceeds in the account, some $73,187.70, pending further investigation. See (Comp. at ¶¶10-11).

Recognizing that a dispute now exists between CS and First Legacy regarding proper ownership of the funds at issue, on January 3, 2019, Plaintiff filed an interpleader complaint with this Court. (ECF No. 1). On March 4, 2019, First Legacy filed an answer to the complaint and also filed various cross claims against CS, and a third-party complaint against Michael Williams, an alleged co-conspirator of CS's.[1] (ECF No. 7).

---

[1] First Legacy has since dismissed its action against Williams. (ECF No. 16).

First Legacy alleges that Williams and CS hacked or caused someone to hack into the email account of First Legacy's Chief Executive Officer (CEO) and emailed a First Legacy employee impersonating the CEO, causing an unauthorized wire transfer to be made to CS's Wells Fargo account. (ECF No. 7 at 4, ¶1). After initiating the fraudulent transfer, First Legacy alleges that CS or Williams withdrew more than $60,000 before Plaintiff could restrain the assets. (ECF No. 7 at 5, ¶2). Wells Fargo requested that CS permit it to remit the restrained funds to First Legacy, but CS refused. (Comp. at ¶12).

CS has not answered Plaintiff's complaint or otherwise appeared in this action. Therefore, on March 14, 2019, Plaintiff requested the Clerk enter default against CS, which the Clerk entered the following day. (ECF No. 11).

On April 15, 2019, Plaintiff filed the present motion for interpleader deposit. (ECF No. 13). Plaintiff's motion seeks an order: (1) permitting it to deposit the funds at issue into the Registry of this Court; (2) dismissing and discharging it from this action; and (3) awarding it reasonable attorneys' fees and costs. (ECF No. 13 at 1). Alternatively, Plaintiff seeks an order permitting it to deliver the funds at issue to First Legacy. (Id.). Neither Defendant has opposed Plaintiff's motion.

3

**DISCUSSION**

**A. Subject matter jurisdiction**

Plaintiff asserts that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1335 and 28 U.S.C. § 2361.

28 U.S.C. § 1335(a) provides that district courts shall have "original jurisdiction of any civil action of interpleader" filed by any person, firm, corporation, association, or society "having in his or its custody or possession money or property of the value of $500 or more" if

> (1) [t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property. . . . ; and if
>
> (2) the plaintiff has deposited such money or property or has paid the amount . . . into the Registry of the court, . . . or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper[.]

28 U.S.C. § 1335(a).

Here, Plaintiff possesses more than $73,000, all of which is at issue in this action, thereby satisfying the amount in controversy requirement of § 1335(a). Likewise, Plaintiff satisfies § 1335(a)(1). CS is a limited liability company and its only member, Michael Williams, is a citizen of New Jersey,

rendering CS a citizen of New Jersey.[2] First Legacy is a state-chartered credit union, chartered in the state of North Carolina, with its principal place of business within that state, rendering it a citizen of North Carolina.[3] As such, diversity of citizenship exists amongst the claimants to the proffered funds and § 1335(a)(1) is therefore satisfied.

The final prerequisite to establishing this Court's subject matter jurisdiction presents as far more complicated. Plaintiff has not yet satisfied § 1335(a)(2), which requires it to deposit such money or property into the Registry of the Court or otherwise deposit a bond payable to the Clerk of the Court in the full amount at issue into the Court's Registry prior to brining an interpleader action. As the Third Circuit has noted,

---

[2] The citizenship of an LLC is determined by the citizenship of each of its members, see Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015). The Court relies upon the undisputed representations made about CS's and Williams' citizenship in deciding the present motion.

[3] "A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also 'of the State where it has its principal place of business.' § 1332(c)(1). State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription." Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). The Court relies upon the undisputed representations regarding First Legacy's citizenship for purposes of deciding the present motion.

5

"[a] proper deposit or bond is a jurisdictional prerequisite to bringing an [action in] interpleader." U.S. Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 210 (3d Cir. 1999) (citing 28 U.S.C. § 1335(a)(2) (1994); In re Sinking of M/V Ukola, 806 F.2d 1, 5 (1st Cir. 1986). As explained by Wright & Miller, the

> language of the interpleader act indicates that it is a condition on jurisdiction under the statute that the stakeholder deposit with the Registry of the court the money or property that is the subject of the multiple claims, or that the stakeholder give a bond in a sufficient amount to insure compliance with any future order or judgment of the court in the action. The case will not proceed unless this jurisdictional requirement is satisfied[.]

Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1716 (3d ed. 2001) (internal footnotes omitted).

Problematically, our Local Civil Rules explicitly prevent such deposits without a court order: "No money shall be sent to the Court or its officers for deposit into the Court's Registry without a court order by the Judge assigned to the case." L. Civ. R. 67.1(a)(1)(A); United States Life Ins. Co. in City of New York v. Holtzman, 723 F. App'x 141, 145 (3d Cir. 2018) (citing L. Civ. R. 67.1(a)(1)(A)) ("Under the local rules, [interpleading plaintiff] could not have deposited the funds absent a court order to do so."). Therefore, our Local Civil Rules directly conflict with the interpleader statute's jurisdictional prerequisite.

6

Faced with a similar situation, another Court within this District decided not to dismiss an action for lack of subject matter jurisdiction but instead decided to permit Plaintiff an opportunity to perfect jurisdiction by depositing the funds at issue with the Court's Registry. U.S. Life Ins. Co. in the City of New York v. Holtzman, No. 14-cv-00113, 2014 WL 5149707, at *4 (D.N.J. Oct. 14, 2014) (Wolfson, C.J.) ("I do not find that this case should be dismissed for U.S. Life's failure to deposit the disputed funds; rather, the Court is directing U.S. Life to deposit $109,430.76 into the Registry of the Court."). The defendant appealed, arguing that "jurisdiction was lacking because U.S. Life failed to deposit the funds at issue into the Registry at the time the complaint was filed" and that the district court erred by permitting the plaintiff to cure its deficiency instead of dismissing the action. Holtzman, 723 F. App'x at 145. The Third Circuit, in affirming the district court, found that

> under the circumstances of this case, the District Court properly allowed U.S. Life to perfect jurisdiction.
>
> Under the local rules, U.S. Life could not have deposited the funds absent a court order to do so. See N.J. Local Civ. R. 67.1(a)(1)(A). Having determined that interpleader was proper, the District Court *conditioned* its October 14, 2014 order denying the motion to dismiss, and granting the cross-motion for interpleader relief, upon U.S. Life depositing the $109,430.76 into the Court's Registry. See Auto Parts

7

> Mfg. Miss., Inc. v. King Const. of Houston, LLC, 782
> F.3d 186, 194 (5th Cir. 2015) (noting that, in "the
> first stage of interpleader," the court only is
> concerned with whether the jurisdictional requirements
> have been met – "whether multiple claims have been
> asserted, or may be asserted, against a disinterested
> stakeholder, not whether those claims have merit.").
> Once U.S. Life responded to the Court's directive to
> deposit, the District Court had subject matter
> jurisdiction: its order discharging U.S. Life took
> effect, and it properly considered the merits of the
> adverse claims to the funds.

Id.

Guided by Holtzman, this Court will Order Plaintiff to deposit the funds at issue with the Court's Registry within ten (10) days of this Opinion, and will condition its exercise of subject matter jurisdiction in this action upon Plaintiff's compliance with that Order. Once that condition-precedent is satisfied, this Court will exercise subject matter jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1335, as this matter involves money or property valued above $500 and diversity of citizenship exists amongst the claimants.

**B. Legal Standard**

There are two sources of interpleader relief in federal court: statutory interpleader under 28 U.S.C. § 1335, and rule interpleader under Federal Rule of Civil Procedure 22. Stonebridge Life Ins. Co. v. Kissinger, 89 F. Supp. 3d 622, 625 (D.N.J. 2015). Plaintiff brings this interpleader action under the interpleader statute. See (ECF No. 1 at 1) (indicating

8

Plaintiff was bringing this action under 28 U.S.C. §§ 1335). Interpleader allows "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1704 (3d ed. 2001). Thus, as a result of an interpleader action, "'[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged from any further liability with respect to the subject of the dispute." Stonebridge Life Ins. Co., 89 F. Supp. at 625-26 (quoting Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007)).

An interpleader action usually proceeds in two stages. Id. at 626. First, the Court must determine whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. Id. Second, the Court must determine the rights of the claimants to the funds. Id. With respect to the first stage, "[t]he key prerequisite . . . is that there be two or more claimants to the fund who are 'adverse' to each other." Id. (quoting New Jersey Sports Prod., Inc. v. Don King Prod., Inc., 15 F. Supp. 2d 534, 539 (D.N.J. 1998)) (citing Charles A.

Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedures § 1705). "This requirement is not met where (a) one of the claims clearly is devoid of substance; (b) one of the claimants is under the control of the stakeholder or has dropped his claim, such that the fear of multiple liability is baseless; or (c) the claims are not asserted against the same fund, or the stakeholder may be liable to both claimants." Id. (quoting Allstate Settlement Corp. v. United States, No. 07-cv-5123, 2008 WL 2221897, at *3 (E.D. Pa. May 28, 2008)).

**C. Analysis**

1. Whether Plaintiff's Interpleader Action Is Proper

Plaintiff asserts that it is a disinterested party in the Defendants' dispute. Plaintiff represents that it simply serves as the financial institution at which the funds at issue are held, and otherwise, has no relation to this action. First Legacy alleges that CS defrauded it and that the funds at issue are the reminisce of monies obtained through fraudulent means. CS has not appeared in this action and therefore, has not responded to the allegations against it. Plaintiff represents that it requested CS's permission to release the remaining funds to First Legacy and that CS denied that request. As such, there is a genuine dispute as to which Defendant is entitled to the funds at issue.

In light of the facts presented, the Court finds that Plaintiff is a disinterested party and therefore, an appropriate interpleader plaintiff. If the Court finds that CS in fact defrauded First Legacy, then the funds at issue would be payable, in all likelihood, to First Legacy. Alternatively, if the Court finds that First Legacy was not defrauded, then the funds at issue may belong to CS. In either event, ownership of the funds is a matter to be determined later. Because ownership is to be determined at a later date, Plaintiff is not in a position to deliver any portion of the funds to either Defendant until such time as that issue is decided, as doing so would expose Plaintiff to the potential for duplicative liability. The Court therefore finds this interpleader action appropriate. Notably, First Legacy does not object to Plaintiff's request for interpleader relief and CS has not appeared in this case. As such, this Court will grant Plaintiff interpleader relief and discharge Plaintiff from further participation in this matter, conditioned upon its timely deposit of the funds at issue into the Court's Registry.

    2. <u>Entitlement to the Funds</u>

Presently, CS has not appeared in this case and the Clerk has entered default against it. <u>See</u> (ECF No. 11). Neither Plaintiff nor First Legacy have moved to convert the entry of

default into a default judgment.  Until such time as this Court fully and finally adjudicates CS's rights to the funds at issue – either on the merits or by way of default judgment – the Court reserves any determination as to which Defendant is entitled to the funds at issue.[4]  See Wells Fargo Bank, N.A. v. Standard Chartered Bank, No. 2:17-cv-2039-KM-JBC, 2018 WL 3201794, at *3 (D.N.J. June 29, 2018) (quoting Nationwide Mutual Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.6 (4th Cir. 1984)) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); Id. (citing Standard Ins. Co. v. Asuncion, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014)) ("The court may accordingly, in its discretion, grant default judgment against the non[-]appearing interpleader defendants where the remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions.").

    3. <u>Whether Plaintiff Is Entitled To An Award Of Attorneys' Fees And Costs</u>

"The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of

---

[4] For this reason, the Court will deny Plaintiff's motion to the extent it seeks, as an alternative remedy, an Order permitting it to deliver the funds at issue to First Legacy.

the court to award the stakeholder costs, including reasonable attorneys fees, out of the deposited fund." Prudential Ins. Co. of Am. v. Richmond, No. 06-cv-525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007), aff'd, 336 Fed. App'x 232 (3d Cir. 2009). "A court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." Metro. Life Ins. Co. v. Kubichek, 83 Fed. App'x. 425, 431 (3d Cir. 2003) (citation omitted). "Because the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,' courts find that the stakeholder attorney's fees are justified." Banner Life Ins. Co. v. Lukacin, No. 13-cv-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014) (citing Frontier Ins. Co. v. Mission Carrier, Inc., No. 91-cv-5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992)).

The Court will allow Plaintiff to seek reimbursement of its reasonable legal fees and costs contingent upon its depositing of the funds at issue into the Court's Registry in a timely manner. Plaintiff is a disinterested stakeholder, concedes liability, and seeks a discharge from any further liability. It

therefore meets the requisite factors for an award of attorneys' fees and costs.

While the Court notes that Plaintiff submitted a certification of counsel, attaching to it copies of the various fees and costs incurred by Plaintiff in pursuing this action, the Court is not presently satisfied that the matter is ripe for adjudication. First, as noted above, Plaintiff has not yet fully complied with the statutory prerequisites for interpleader relief. As such, any consideration of Plaintiff's fee application must be postponed until it has complied with the contingency set forth in this Opinion.

Furthermore, it is unclear whether First Legacy has consented to or may otherwise seek to later object to Plaintiff's request for fees and costs. While Plaintiff suggests that First Legacy "does not object to Wells Fargo's entitlement to and/or award of $6,212.07 of fees and costs to be deducted from the" funds at issue (ECF No. 13-1 at 7), in another context, Plaintiff represents that "First Legacy has indicated [it] has *tentatively agreed* to Wells Fargo deducting its attorneys' fees and costs from the [funds] prior to delivery same to First Legacy[.]" (Id. at n.7) (emphasis added). By requiring Plaintiff to submit an independent request for fees and costs, Defendants will have an opportunity to more fully

inform the Court of their position on Plaintiff's request.  The
Court finds this way forward most appropriate under the
circumstances.

## **CONCLUSION**

For the reasons expressed above, and conditioned upon
Plaintiff depositing $73,187.70 into the Registry of the Court
within ten (10) days of this Opinion, the Court will grant
Plaintiff's motion for interpleader relief (ECF No. 13) in part;
deny it in part, without prejudice; and deny it in part.  To the
extent Plaintiff moves for an Order permitting it to deposit the
funds at issue into the Registry of this Court, the motion will
be granted.  To the extent Plaintiff moves for an Order
dismissing it from this action, the motion will be granted.  To
the extent Plaintiff moves for an award of reasonable attorneys'
fees and costs, its motion will be denied, without prejudice.
Finally, to the extent Plaintiff seeks an order permitting it to
deliver the funds at issue to First Legacy, the motion will be
denied.

An appropriate Order will follow.


Date: December 17, 2019          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.