UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., | 1:19-cv-77-NLH-KMW |
| Plaintiff, | **OPINION** |
| v. | |
| COMMENTS SOLUTIONS, LLC and FIRST LEGACY COMMUNITY CREDIT UNION, | |
| Defendants. | |

**APPEARANCES:**

ADAM BUSLER
FOX ROTHSCHILD LLP
1301 ATLANTIC AVENUE
SUITE 400
ATLANTIC CITY, NJ 08401

   *Attorneys for Plaintiff.*

DENISE E. CARLON
KML LAW GROUP, PC
216 HADDON AVENUE
SUITE 406
WESTMONT, NJ 08108

   *Attorneys for Defendant First Legacy Community Credit
   Union.*

**HILLMAN**, **District Judge**

   This action is one for interpleader relief and comes before the Court on Plaintiff's motion for attorneys' fees and costs (ECF No. 23). For the reasons discussed below, that motion will be granted.

**BACKGROUND**

Defendant Comments Solutions LLC ("CS") is a business entity maintaining a bank account with Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo").  (ECF No. 1 ("Comp.") at ¶7).  On June 11, 2018, CS received a wire transfer to its Wells Fargo account from Defendant First Legacy Bank ("First Legacy") in the amount of $134,025.30.  (Comp. at ¶9).  After the wire was sent, First Legacy contacted Wells Fargo to request the wire be recalled due to potential fraud, and Wells Fargo restrained the remaining proceeds in the account, some $73,187.70, pending further investigation.  See (Comp. at ¶¶10-11).

Recognizing that a dispute now existed between CS and First Legacy regarding proper ownership of the funds at issue, on January 3, 2019, Plaintiff filed an interpleader complaint with this Court.  (ECF No. 1).  On March 4, 2019, First Legacy filed an answer to the complaint and also filed various cross claims against CS, and a third-party complaint against Michael Williams, an alleged co-conspirator of CS's.[1]  (ECF No. 7). First Legacy alleges that Williams and CS hacked or caused someone to hack into the email account of First Legacy's Chief

---

[1] First Legacy has since dismissed its action against Williams. (ECF No. 16).

2

Executive Officer (CEO) and emailed a First Legacy employee impersonating the CEO, causing an unauthorized wire transfer to be made to CS's Wells Fargo account. (ECF No. 7 at 4, ¶1). After initiating the fraudulent transfer, First Legacy alleges that CS or Williams withdrew more than $60,000 before Plaintiff could restrain the assets. (ECF No. 7 at 5, ¶2). Wells Fargo requested that CS permit it to remit the restrained funds to First Legacy, but CS refused. (Comp. at ¶12).

CS has not answered Plaintiff's complaint or otherwise appeared in this action. Therefore, on March 14, 2019, Plaintiff requested the Clerk enter default against CS, which the Clerk entered the following day. (ECF No. 11).

On April 15, 2019, Plaintiff filed its motion for interpleader deposit and attorneys' fees (ECF No. 13), which this Court ultimately granted in part and denied in part, without prejudice (ECF No. 20). This matter now returns to the Court on Plaintiff's renewed motion for attorneys' fees and costs.

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1335.

3

**B. Legal Standard**

"The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys fees, out of the deposited fund." Prudential Ins. Co. of Am. v. Richmond, No. 06-cv-525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007), aff'd, 336 Fed. App'x 232 (3d Cir. 2009). "A court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." Metro. Life Ins. Co. v. Kubichek, 83 Fed. App'x. 425, 431 (3d Cir. 2003) (citation omitted).  "Because the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,' courts find that the stakeholder attorney's fees are justified." Banner Life Ins. Co. v. Lukacin, No. 13-cv-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014) (citing Frontier Ins. Co. v. Mission Carrier, Inc., No. 91-cv-5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992)).

**C. Analysis**

Plaintiff seeks an award of $6,212.07 in fees and costs to be disbursed from the restrained proceeds. There are two defendants who have been properly served in this matter, CS and First Legacy. First Legacy has appeared in this matter and does not oppose Plaintiff's fee request. In fact, Plaintiff represents that First Legacy consents to its fee request. CS is in default, has not appeared in this action, and has not opposed Plaintiff's fee request. The Court is satisfied that CS was properly served in this matter and has had sufficient opportunity to oppose Plaintiff's motion had it desired. See (ECF No. 6) (affidavit of service as to CS).

The Court finds that an award of attorneys fees and costs is appropriate because Plaintiff is (1) a disinterested stakeholder, (2) who conceded liability, (3) who has deposited the disputed funds with the court, and (4) has sought a discharge from liability. Metro. Life Ins. Co., 83 Fed. App'x. at 431. Plaintiff has thoroughly explained the basis for this requested fee and has supported it with adequate time entries submitted by all charging lawyers. Having reviewed the fee requested, the time entries submitted, and the work completed by Plaintiff, the Court is satisfied that this fee is appropriate.

**CONCLUSION**

For the reasons expressed above, Plaintiff's unopposed motion for attorneys' fees and costs in the amount of $6,212.07 to be disbursed from the restrained proceeds (ECF No. 23) will be granted.  An appropriate order shall be entered.


Date: September 9, 2020          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.